**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

**WALTER LEROY FOSTER,**

      **Plaintiff,**                          **Case No. 2:13-cv-0149**
                                               **Judge Gregory L. Frost**

**v.**                                         **Magistrate Judge Elizabeth P. Deavers**

**FRANKLIN COUNTY COMMON
PLEAS COURT,**

      **Defendant.**

**<u>ORDER</u>**

This matter is before the Court for consideration of Plaintiff's Objection (ECF No. 11) to

the United States Magistrate Judge's April 30, 2013 Report and Recommendation (ECF No. 7),

in which the Magistrate Judge recommended dismissal of this action pursuant to 28 U.S.C. §§

1915(e)(2) and 1915A for want of subject-matter jurisdiction.  For the reasons that follow, the

Court **OVERRULES** Plaintiff's Objection, **ADOPTS** the Report and Recommendation, and

**DISMISSES** this action.

**I.**

Plaintiff Walter Leroy Foster is an inmate incarcerated in state prison.  His *pro se*

Complaint states in its entirety:

> I was sentenced to 22 years to life on December 7, 1982, on the grounds of just testimony of a witness, and not on the grounds of DNA testing which was not available at that time.  At the scene of the crime a screwdriver and a knife was [sic] found.  The common pleas court brought me back on April 8, 2008 and the[n] denied DNA testing from the blood on the screwdriver and from myself and also the fingerprints that was [sic] on the knife and screwdriver.

(Compl. 5, ECF No. 5 at PageID# 29.)

In her Report and Recommendation, the Magistrate Judge recommended that Plaintiff's

Complaint be dismissed because he "has failed to assert any claim with an arguable basis in law

over which this Court has subject matter jurisdiction."  (Report and Recommendation, ECF No.

7 at PageID# 37.)  The Magistrate Judge found that Plaintiff's Complaint amounted, in

substance, to an action seeking the federal court's review and rejection of a state court judgment.

(*Id.* at PageID# 38.) As such, the Magistrate Judge found that the *Rooker-Feldman* doctrine

precluded the Court from exercising subject matter jurisdiction over this action.  *See generally*

*Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16 (1923); *District of Columbia Court of*

*Appeals v. Feldman*, 460 U.S. 462, 476 (1983).

After obtaining an extension of time in which to do so (ECF No. 10), Plaintiff filed a

timely objection to the Magistrate Judge's Report and Recommendation on June 5, 2013.  (ECF

No. 11.)  Plaintiff's Objection reads much like his Complaint, stating in its entirety:

> I was sentenced on December 7, 1982 by the Franklin County Court of Common
> Pleas by Judge Tommy Lee Thompson to a term of twenty (22) [sic] years to life
> for Murder and Attempted Murder.  At the time DNA was not available.  At the
> scene of the crime there was a screwdriver and knife.  I am asking this Honorable
> Court to have the DNA and fingerprints found on the weapons teated [sic] against
> mine.  According [to] Senate Bill 77 I am entitled to DNA testing.

(Pl.'s Objections, ECF No. 11 at PageID# 45.)

## II.

If a party objects within the allotted time to a Magistrate Judge's report and

recommendation, the Court "shall make a de novo determination of those portions of the report

or specified proposed findings or recommendations to which objection is made."  28 U.S.C. §

636(b)(1); *see also* Fed. R. Civ. P. 72(b).  Upon review, the Court "may accept, reject, or modify,

in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

As the Magistrate Judge correctly explained, 28 U.S.C. § 1915(e) requires *sua sponte* dismissal of an action upon the Court's determination that the action is frivolous or malicious, or upon determination that the action fails to state a claim upon which relief may be granted. Courts conducting initial screens under § 1915(e) apply the motion to dismiss standard. *See, e.g.*, *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (applying Federal Rule of Civil Procedure 12(b)(6) standards to review under 28 U.S.C. §§ 1915A and 1915(e)(2)(B)(ii)). Courts ruling on a motion to dismiss under Rule 12(b)(6) construe the complaint in a light most favorable to the plaintiff, accepting all well-pleaded allegations in the complaint as true, and determining whether plaintiff undoubtedly can prove no set of facts in support of those allegations that would entitle him to relief. *Bishop v. Lucent Techs., Inc.*, 520 F.3d 516, 519 (6th Cir. 2008). To survive a motion to dismiss, the "complaint must contain either direct or inferential allegations with respect to all material elements necessary to sustain a recovery under some viable legal theory." *Mezibov v. Allen*, 411 F.3d 712, 716 (6th Cir. 2005). Conclusory allegations or legal conclusions masquerading as factual allegations will not suffice. *Id.* While the complaint need not contain detailed factual allegations, the "[f]actual allegations must be enough to raise the claimed right to relief above the speculative level" and "state a claim that to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007).

### III.

Upon review of the Report and Recommendation and Plaintiff's Objection in accordance with 28 U.S.C. § 636(b)(1) and Rule 72(b), the Court finds Plaintiff's Objection to be without merit.

The Court agrees with the Magistrate Judge that Plaintiff has failed to assert any claim with an arguable basis in law over which this Court has subject matter jurisdiction. In his lone objection to the Report and Recommendation, Plaintiff makes clear that he seeks to have this Court invoke Ohio "Senate Bill 77" (codified at Ohio Rev. Code § 2953.73) to order DNA testing that the Franklin County Court of Common Pleas denied. But this requested relief brings Plaintiff squarely within the crosshairs of the *Rooker-Feldman* doctrine.

The *Rooker-Feldman* doctrine embodies the notion that federal district courts do not sit in appellate review of state-court judgments. As such, the *Rooker-Feldman* doctrine bars "state-court losers" from "complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Ind. Corp.*, 544 U.S. 280, 284 (2005); *see also In re Cook*, 551 F.3d 542, 548 (6th Cir. 2009). The key to the *Rooker-Feldman* doctrine's applicability is determining the "source of the injury" upon which the plaintiff bases his or her federal claim. *Id.* If the "source of the injury" complained of is the state court judgment itself, then *Rooker-Feldman* applies to bar the plaintiff's federal court action. *Id.*

The Magistrate Judge was correct in finding that *Rooker-Feldman* bars Plaintiff's lawsuit here. The "source of the injury" of which Plaintiff complains is the state court's denial of his request to compare his DNA to the screwdriver and knife Plaintiff claims to have been found at the scene of the crime for which he was convicted. Plaintiff seeks from this Court the review

4

and rejection of the state court's judgment.  This is precisely the type of suit barred by the

*Rooker-Feldman* doctrine.  *See, e.g., Durr v. Cordray*, No. 2:10-cv-312, 2010 U.S. Dist. LEXIS

48748, at *27 (S.D. Ohio Apr. 16, 2010) (finding *Rooker-Feldman* barred plaintiff's challenge to

the state court's denial of his request to conduct DNA testing) (citing *In re Smith*, 349 F. App'x

12, 15 (6th Cir. 2009)).

## IV.

For the foregoing reasons, the Court **OVERRULES** Plaintiff's Objection (ECF No. 11),

**ADOPTS** the Magistrate Judge's April 30, 2013 Report and Recommendation (ECF No. 7), and

**DISMISSES** this action under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1) for failure to

assert any claim with an arguable basis in law over which this Court has subject matter

jurisdiction.

**IT IS SO ORDERED.**

/s/ **Gregory L. Frost**
**GREGORY L. FROST**
**UNITED STATES DISTRICT JUDGE**